IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOHN KAAGE
404 Gennesee St., Apt 101
Delafield, WI 53108

        Plaintiff,

v.                                    Case No. 21-cv-1265

OAKWOOD LUTHERAN SENIOR MINISTRIES, INC.
OAKWOOD VILLAGE UNIVERSITY WOODS HOMES, INC.
OAKWOOD VILLAGE UNIVERSITY WOODS APARTMENTS, INC.
OAKWOOD VILLAGE PRAIRIE RIDGE HOMES, INC.
OAKWOOD VILLAGE PRAIRIE RIDGE APARTMENTS, INC.
6201 Mineral Point Road
Madison, WI 53705

        Defendants.

## COMPLAINT

**NOW COMES** the Plaintiff, John Kaage, through his attorneys, OVB Law & Consulting, S.C., hereby alleges as follows:

### PARTIES

1. The Plaintiff, John Kaage, is citizen and resident of the United States and Waukesha County, WI, and is 59 years old.

2. Defendant Oakwood Lutheran Senior Ministries, Inc. is non-stock corporation domiciled in Wisconsin and which, upon information and belief, is an employer engaging in an industry affecting commerce and employing more than 20 employees.

3. Defendant Oakwood Village University Woods Homes, Inc. is non-stock corporation domiciled in Wisconsin and is an employer engaging in an industry affecting commerce and employing more than 20 employees.

4. Defendant Oakwood Village University Woods Apartments, Inc. is non-stock corporation domiciled in Wisconsin and which, upon information and belief, is an employer engaging in an industry affecting commerce and employing more than 20 employees.

5. Defendant Oakwood Village Prairie Ridge Homes, Inc. is non-stock corporation domiciled in Wisconsin and which, upon information and belief, is an employer engaging in an industry affecting commerce and employing more than 20 employees.

6. Defendant Oakwood Village Prairie Ridge Apartments, Inc. is non-stock corporation domiciled in Wisconsin and which, upon information and belief, is an employer engaging in an industry affecting commerce and employing more than 20 employees.

7. Upon information and belief, Defendant Oakwood Lutheran Senior Ministries, Inc. is the parent company to Defendants Oakwood Village University Woods Homes, Inc., Oakwood Village University Woods Apartments, Inc., Oakwood Village Prairie Ridge Homes, Inc., and Oakwood Village Prairie Ridge Apartments, Inc. As such, Defendants will be collectively referred to herein as "Oakwood."

## JURISDICTION AND VENUE

8. This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. §§ 621 et seq.

9. Jurisdiction over this claim is invoked pursuant to 28 U.S.C.A. § 1343(a)(4) and 29 U.S.C.A. §§ 216(b) and 626(c)(1).

10. Charges against Defendant alleging age discrimination were timely filed with the Equal Employment Opportunity Commission (EEOC). The EEOC subsequently issued a Right to Sue Letter on or around October 22, 2021. (Exhibit A).

11. This action properly lies in the Eastern District of Wisconsin, Milwaukee Division pursuant to 28 U.S.C.A. § 1391(b) because the claim arose in this judicial district.

## STATEMENT OF FACTS

12. Upon information and belief, Oakwood owns and operates two continuing care communities for adults 55 years and older—one known as "Prairie Ridge" is located at 5565 Tancho Dr., Madison, WI 53718, and the other known as "University Woods" is located at 6205 Mineral Point Rd., Madison, WI 53705.

13. Upon information and belief, Oakwood took over the food service operation of the Prairie Ridge and University Woods facilities at some point in 2017 from ABM Healthcare Support Services ("ABM").

14. Prior to the operational transition from ABM to Oakwood, Plaintiff was employed at the facilities since on or before March 30, 2015 in the role of "Dining Services Director."

15. As part of the transition, Oakwood selected to keep Plaintiff on as an employee for the facilities and as such, on or around September 28, 2017, Oakwood offered Plaintiff the full-time position of "Campus Dining Services Director." Attached as Exhibit B are the various job descriptions provided to Plaintiff throughout his employment with Oakwood in the Campus Dining Services Director position.

16. Plaintiff accepted the offer and became an employee of Oakwood. Although Plaintiff's start date was formally November 1, 2017, Plaintiff's seniority date was backdated to March 31, 2014.

3

17. Plaintiff was hired by Oakwood as the Campus Dining Services Director for the University Woods facility, but throughout his employment, Plaintiff frequently provided assistance to the Prairie Ridge facility in addition to his duties at the University Woods facility.

18. In April 2020, approximately four dining supervisors and the executive chef at the University Woods facility were laid off. As such, Plaintiff was required to take on additional responsibilities and perform the duties of the five employees who had been laid off as well as perform his traditional duties. Despite the additional job duties, Plaintiff's job description and compensation remained the same as before.

19. On or around August 24, 2020, Plaintiff was informed orally by Oakwood's Vice President of Human Resources, Jeff Hackle, of a job opening with Oakwood for the role of "Executive Dining Services Director." The role of Executive Dining Services Director would have been considered a promotion for Plaintiff.

20. Immediately after being informed of the job position, Plaintiff requested that he be considered for the position. However, Mr. Hackle refused to consider Plaintiff for the position and similarly prohibited Plaintiff from applying for the position. Instead, Mr. Hackle stated to Plaintiff that "his job would be safe."

21. Upon information and belief, as of August 24, 2020, Plaintiff was qualified and an excellent candidate for the position of "Executive Dining Services Director." In particular, throughout Plaintiff's tenure with the facilities, Plaintiff had been asked to, and did successfully, design many projects which were similar to the requirements of the Executive Dining Services Director role. In sum, Plaintiff had the expertise and experience necessary to be considered for the role.

22. Upon information and belief, the person subsequently hired for the role of "Executive Dining Services Director" was substantially younger than Plaintiff and was not currently an employee of Oakwood.

23. On or around October 11, 2020, Plaintiff was moved from his former position of "Campus Dining Services Director" to "Dining Director of Purchasing." Attached as Exhibit C is the job description for the Dining Director of Purchasing position.

24. Upon information and belief, on or around May 2021 the current Executive Dining Services Director was terminated by Oakwood. At this time, Mr. Hackle orally asked Plaintiff to assume the role of Executive Dining Services Director and perform the role's job duties on an interim basis.

25. Plaintiff accepted Mr. Hackle's request, and at the same time, orally expressed interest to Mr. Hackle in staying on in the job role of Executive Dining Services Director permanently. Plaintiff also orally requested that he be considered for the position.

26. From May 2021 through July 2021, Plaintiff satisfactorily performed the job duties of Executive Dining Services Director, in addition to his ordinary job duties. However, Plaintiff was not given a job offer for the role, nor was Complainant given an increase in compensation for performing the additional duties.

27. Despite Plaintiff's request to be considered for the promotion, Plaintiff was not permitted to access or view the job description for Executive Dining Services Director, nor was Plaintiff ever permitted to formally apply for the position of Executive Dining Services Director.

28. At the time of the job opening for the Executive Dining Services Director position, Plaintiff was qualified and an excellent candidate for the position of "Executive Dining Services Director." In particular, Mr. Hackle's selection of Plaintiff to perform the job duties of Executive Dining Services Director in the interim signifies that Plaintiff was qualified for the

position. In sum, Plaintiff had the expertise and experience necessary to be considered for the role permanently.

29. Ultimately, Plaintiff was not hired for the Executive Dining Services Director and instead, upon information and belief, Oakwood hired a person who was substantially younger than Plaintiff and who was not currently an employee of Oakwood for the position of Executive Dining Services Director.

30. The new Executive Dining Services Director started in July 2021, and despite several requests from Plaintiff, never met with Plaintiff directly to discuss the matters Plaintiff had been working on related to the role and what Plaintiff's job duties would be going forward.

31. Then, out of nowhere, on August 2, 2021, Plaintiff was terminated by Oakwood by receiving oral notice from Oakwood's employees/representatives, Mary Bjorkland and the current Executive Dining Services Director, John Williams.

32. At the time of Plaintiff's termination, Ms. Bjorkland informed Plaintiff that he was not being terminated for performance, but rather that his position was being eliminated. After hearing this, Plaintiff requested that he be considered for/placed in another position considering his years of great performance with Oakwood. To which Ms. Bjorkland and Mr. Williams only responded to by consistently stating that Plaintiff was being eliminated.

33. To date, Plaintiff has never received a written termination letter from Oakwood.

34. At the time of his termination, Plaintiff was 59 years old.

35. Upon information and belief, at the time of Plaintiff's termination, there were more than 190 dining employees at the Oakwood facilities. Further, upon information and belief, no other similarly situated employees were terminated at the time of Plaintiff's termination.

36. Further, upon information and belief, at the time of Plaintiff's termination, there were other roles and job duties in the dining departments of the facilities which Plaintiff was qualified to perform and could have satisfactorily performed.

37. Throughout the entirety of Plaintiff's employment with Oakwood, Plaintiff satisfactorily performed the duties of each position he was placed in. In fact, Plaintiff's satisfactorily performance is evidenced by the various salary raises he received during his employment with Oakwood, including a raise he received the very same year as his termination.

38. Further, throughout the entirety of Plaintiff's employment with Oakwood, Plaintiff was physical able and otherwise able to perform the duties of his position.

39. Upon information and belief, throughout the entirety of Plaintiff's employment, Complainant was never written-up for any valid concerns about his performance. Rather, Plaintiff's yearly performance reviews demonstrate that Plaintiff was satisfactorily performing the duties of his position. Attached as Exhibit D are true and accurate copies of Plaintiff's performance reviews from 2017 through 2019. Due to COVID-19, Oakwood did not conduct any performance reviews of Plaintiff for the years 2020 through 2021.

40. Throughout Plaintiff's employment with Oakwood, Plaintiff was repeatedly asked about his age/how old he was. Such questions came from Oakwood residents, employees, representatives, and superior employees/executives.

41. At several times during Plaintiff's employment with Oakwood, Oakwood's supervisor/executive employees/representatives made several comments regarding Plaintiff's age, including on several occasions telling Plaintiff that Plaintiff should purchase a unit at the facility and/or live at the facility because he was so old. These comments carried negative connotations and were always followed by laughter from the individual making the comment and/or those employees/representatives which were present to hear the comments.

7

Case 2:21-cv-01265-SCD   Filed 11/01/21   Page 7 of 11   Document 1

42. Additionally, throughout Plaintiff's employment with Oakwood, Oakwood's employees/representatives made several comments regarding Plaintiff's physical fitness/appearance as it relates to his age. For example, many of Oakwood's employees/representatives made statements about how shocked they were about how good/fit Plaintiff looked considering his age.

43. The age-related comments made Plaintiff feel uncomfortable and humiliated. Similarly, the age-related comments made Plaintiff feel as though his age was a concern for Oakwood.

44. Upon information and belief, other similarly-situated employees who were substantially younger than Plaintiff did not receive similar comments or questions about their age.

45. As a direct result of Oakwood's treatment, Plaintiff has suffered emotional distress, mental anguish, physical pain and discomfort, and humiliation.

## FIRST CAUSE OF ACTION
### Unlawful discrimination in violation of the ADEA

Plaintiff incorporates and realleges paragraphs 1-45.

46. The Age Discrimination in Employment Act of 1967, 29 U.S.C.A. §§ 621 et seq. ("ADEA"), protects individuals who are 40 years older or older from discrimination based on their age. See 29 U.S.C. § 631(a).

47. Plaintiff is a member of the class protected under the ADEA because at all times relevant to this matter, Plaintiff was over the age of 40.

48. Under the ADEA it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

49. Oakwood deliberately prohibited Plaintiff from applying for the position of Executive Dining Services Director in May through July of 2021 despite Plaintiff being a qualified candidate.

50. Further, in July 2021, Oakwood deliberately hired a substantially younger individual for the role of Executive Dining Services Director over hiring Plaintiff for the role, despite the fact that Plaintiff had been satisfactorily performing the duties for the exact same role for several months and had been a well-performing employee of Oakwood's for several years.

51. Upon information and belief, Plaintiff's age was a motivating factor to Oakwood's actions of prohibiting Plaintiff from applying for the position and ultimately not hiring Plaintiff for the position.

52. As such, Oakwood discriminated against Plaintiff in violation of the ADEA as it relates to the job opening for the position of Executive Dining Services Director in May to July 2021.

53. As a direct and proximate result of Oakwood's unlawful discrimination, Plaintiff has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unlawful discharge in violation of the ADEA

Plaintiff incorporates and realleges paragraphs 1-53.

54. Under the ADEA, it is unlawful for an employer to terminate an individual on the basis of said individual's age. 29 U.S.C. § 623(a)(1).

55. Oakwood terminated without cause and the only reason given for the discharge was that the position was being "eliminated."

56. When asked whether Plaintiff could be considered for other positions instead of terminated, Oakwood refused to consider the idea and instead told Plaintiff that he "was being eliminated."

57. Upon information and belief, this reason for termination is a pre-text to cover-up Oakwood's true, unlawful purpose of wanting to terminate Plaintiff because he had become too old as for the years leading up to Plaintiff's termination, Oakwood and Oakwood's representatives repeatedly made derogatory comments regarding Plaintiff's age.

58. Oakwood's actions made it clear that they did not want a person over the age of 55 working in an executive or supervisory role at a facility which served residents of 55 and older.

59. Upon information and belief, Plaintiff's age was a motivating factor which made a difference in Oakwood's decision to terminate Plaintiff.

60. Since age was a motivating factor and made a difference in the decision to discharge the Plaintiff, Oakwood violated the Age Discrimination in Employment Act, with knowing and/or reckless disregard of that Act's proscriptions.

61. As a direct and proximate cause of Oakwood's unlawful termination of Plaintiff, Plaintiff has suffered damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. Declaration that the Defendant's conduct violated Plaintiff's rights,
2. Restore the Plaintiff to his rightful place as Dining Director of Purchasing or Campus Dining Services Director or a substantially similar position, or in lieu or reinstatement, order front salary and benefits for the period remaining until normal retirement,
3. Award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement or front salary and benefits accrual,

4. Award Plaintiff liquidated damages in an amount double the back salary and fringe benefits award,

5. Award Plaintiff compensatory damages against Defendants for Plaintiff's emotional distress, mental anguish, humiliation, physical pain and discomfort suffered due to his treatment, and injury to Plaintiff's reputation and good name.

6. Award Plaintiff punitive damages against Defendants,

7. Award Plaintiff costs and attorneys' fees, and

8. Grant such other relief as it may deem just and proper.

Plaintiff demands trial by a jury of twelve of his peers.

Dated this 1st day of November 2021.

        **OVB Law & Consulting, S.C.**
        *Attorneys for Plaintiff*

        *s/Megan Mirka*
        State Bar No. 1116377
        *s/O. Emil Ovbiagele*
        State Bar No. 1089677

        839 N Jefferson Street, Ste 502
        Milwaukee, WI 53202
        (414) 585-0588 (office)
        (414) 255-3031 (fax)
        megan@ovblaw.com
        emil@ovblaw.com